IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOREHEI PIERCE,

    Plaintiff,

    v.

KRIS KOBACH, *et al.*,

    Defendants.

Case No. 23-4077-HLT-ADM

**REPORT AND RECOMMENDATION**

    Pro se plaintiff Morehei Pierce brings this action under 42 U.S.C. § 1983 against defendants Kris Kobach, in his capacity as Kansas Attorney General; Jeff Zmuda, in his capacity as the Secretary of the Kansas Department of Corrections; and William Waddington, in his capacity as the former Warden of El Dorado Correctional Facility ("EDCF"). (ECF 1.) The court previously granted Pierce leave to proceed in forma pauperis ("IFP"), but directed the U.S. Marshal Service to withhold service of process until the court screened the complaint for merit under 28 U.S.C. § 1915(e)(2)(B). (ECF 8.) As discussed in further detail below, upon screening, the court now recommends that the district judge dismiss Pierce's claims against Kobach and Zmuda, but allow his claim against Waddington to proceed.

**I.    LEGAL STANDARDS**

    When a plaintiff proceeds IFP, the court may screen the complaint under § 1915(e)(2)(B). The court must dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon,

baseless lawsuits that paying litigants generally do not initiate." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

Because Pierce is proceeding pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). In so doing, however, the court does not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

## II.     ANALYSIS

According to Pierce's complaint, Pierce was incarcerated at EDCF in November 2020 when a COVID-19 outbreak spread through the prison. (ECF 1, at 5.) He alleges that Waddington made the decision to move infected inmates into Cellhouse A1, where Pierce was housed. Pierce alleges that he "diligently requested" to be moved to a different cellhouse, but "defendants refused to move him away from these sick inmates." Pierce soon contracted COVID-19. Only then did EDCF officials, acting upon Waddington's orders, move Pierce to a quarantine unit. Pierce was very sick and "had to be resuscitated at least one time." Pierce states that he continues to suffer symptoms and incur medical bills "in association with long-COVID." (*Id.* at 4.)

The court construes Pierce's complaint as asserting an Eighth Amendment claim for deliberate indifference to his medical needs arising from Waddington's failure to take adequate steps to protect him from contracting COVID-19. "Under the Eighth Amendment, prison officials have a duty to take reasonable measures to guarantee the safety of inmates," including from any "heightened health risk from COVID-19." *Medina v. Williams*, Case. No. 21-1350, 2022 WL 2714517, at *2 (10th Cir. 2022) (internal quotations and citation omitted). Such an Eighth Amendment claim has both an objective and subjective component. *Id.* Under the objective prong,

a plaintiff must show that COVID-19 did indeed present an increased health risk at the prison. *Id.* "In addressing the subjective prong, the key inquiry is whether the defendants responded reasonably to the risk posed by COVID-19." *Id.* (internal quotations and citation omitted). Although the court does not speculate on whether Pierce's Eighth Amendment claim could survive a motion to dismiss, the court is satisfied—at least at this screening stage—that Pierce has adequately alleged facts indicating that both prongs are met as to Waddington.

Pierce's complaint also names Kobach and Zmuda as defendants. However, it does not set forth any facts about, or attribute any actions to, these individuals. Supervisors of prison officials cannot be held vicariously liable for the actions of those they supervise. *Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016). Rather "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The plaintiff "must show an 'affirmative link' between [the official] and the constitutional violation, which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Keith*, 843 F.3d at 838 (quoting *Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760, 767 (10th Cir. 2013) (internal quotations omitted)). *See also Chavez v. Perry*, 142 F. App'x 325, 330 (10th Cir. 2005) (upholding dismissal of Secretary of Corrections where complaint did not allege facts connecting him to alleged constitutional violation); *Clayton v. Ward*, 232 F. App'x 827, 830 (10th Cir. 2007) (affirming dismissal of state Attorney General for failure to state a claim where plaintiff alleged no facts tying Attorney General to alleged constitutional violation).

Here, Pierce has not alleged any facts implicating Kobach or Zmuda, or suggesting that either had personal knowledge that Pierce was in danger. Thus, under the case law set out above, it would be impossible for Pierce to prevail on a § 1983 claim asserted against them. In other words, Pierce's complaint lacks any factual contention that one or both of these defendants, acting

under color of state law, caused Pierce to be deprived of his Eighth Amendment rights—or any other federal right or privilege—as is necessary to support a § 1983 claim. *See* 42 U.S.C. § 1983. In pro se cases, as in others, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted." *Chavez*, 142 F. App'x at 330 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The court therefore recommends that the district judge dismiss Pierce's complaint as to Kobach and Zmuda.

\* \* \* \* \*

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Pierce may file written objections to this Report and Recommendation within fourteen days after being served with a copy. If Pierce fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this Report and Recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that the district judge dismiss Pierce's claims against Kobach and Zmuda, but allow his claim against Waddington to proceed.

**IT IS ORDERED** that the Clerk issue summons to the U.S. Marshal or Deputy Marshal, who are appointed pursuant to Fed. R. Civ. P. 4(c)(3) to effectuate service upon Waddington.

**IT IS FURTHER ORDERED** that the Clerk mail a copy of this Report and Recommendation to Pierce via regular mail and certified mail, return receipt requested.

Dated September 18, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge