IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MOREHEI PIERCE,<br><br>**Plaintiff,**<br><br>v.<br><br>KRIS KOBACH, et al.,<br><br>**Defendants.** | Case No. 5:23-cv-04077-HLT-ADM |

# ORDER

Plaintiff Morehei Pierce filed this case pro se.[1] Defendants are Kansas Attorney General Kris Kobach, Kansas Department of Corrections official Jeff Zmuda, and former El Dorado Warden William Waddington. Plaintiff alleges that there was a COVID-19 outbreak while he was in prison at the El Dorado Correctional Facility. Those who tested positive were housed in the same cell house as Plaintiff. He requested to be moved, but officials did not move him. Plaintiff subsequently tested positive for COVID-19 and became seriously ill. He continues to suffer from long COVID. Plaintiff contends Defendants deliberately infected him with COVID-19. *See* Doc. 1 at 5.

The Magistrate Judge issued a Report and Recommendation ("R&R") on September 18, 2023, recommending that Plaintiff's claims against Kobach and Zmuda be dismissed. Doc. 9. The R&R states that Plaintiff asserts an Eighth Amendment claim for deliberate indifference by Waddington for failure to take steps to protect Plaintiff from COVID-19. *Id.* at 2. But the complaint does not allege any facts about Kobach or Zmuda or anything that would link

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

them to the alleged constitutional violation. *Id.* at 2-3. The Magistrate Judge therefore recommended that the undersigned dismiss the complaint as to Kobach and Zmuda. *Id.* at 4. Plaintiff was cautioned that he must file written objections to the R&R within 14 days if he wants to have appellate review of the recommended disposition. *Id*. Plaintiff filed an objection on October 4. Doc. 11.

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In a de novo review, the Court makes an independent determination of the issues. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). "The district judge is free to follow a magistrate's recommendation or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew." *Id.* (internal brackets, quotation, and citation omitted).

The undersigned has reviewed the complaint, the R&R, and Plaintiff's objection de novo. In his objection, Plaintiff states that Kobach is the successor to former Attorney General Derek Schmidt, and that at some point Plaintiff made a complaint to Schmidt's office and Schmidt failed to respond. As the successor to Schmidt, Plaintiff alleges that Kobach would have knowledge of the complaint and "should be held liable as much as Defendant Zmuda" who ordered that "all inmates not infected with the coronavirus (COVID-19) be moved out [of] the cell house." Doc. 11 at 1. Plaintiff suggests that he also complained to the Department of Corrections and Zmuda therefore knew Waddington was acting negligently. *Id.*

The Court finds that the R&R should be adopted. As the Magistrate Judge explained, *see* Doc. 9 at 3-4, defendants in § 1983 cases can only be held liable for their own conduct. The complaint does not mention any conduct by either Kobach or Zmuda. And even considering the

2

information in Plaintiff's objection, Plaintiff has not identified any facts suggesting that Kobach or Zmuda could be responsible for an Eighth Amendment violation under these circumstances. The only allegation against Kobach is that he is Schmidt's successor, and Schmidt received a complaint by Plaintiff. Zmuda's role is even less clear, but to the extent a complaint was made to the Department of Corrections, *see* Doc. 1 at 5, this does not state an Eighth Amendment claim against Zmuda regarding Plaintiff's allegations about an apparent failure by prison officials to quarantine sick prisoners. As the Magistrate Judge explained, Doc. 9 at 3, each defendant is only liable for their own actions. Here, there are no facts alleged that would permit the Court to hold Kobach or Zmuda vicariously liable for the actions of Warrington, nor is there any plausible constitutional violation alleged against either of them.

THE COURT THEREFORE ORDERS that the Report & Recommendation (Doc. 9) is ADOPTED as the order of the Court.

THE COURT FURTHER ORDERS that Plaintiff's claims against Kobach and Zmuda are DISMISSED WITHOUT PREJUDICE for failure to state a claim.

IT IS SO ORDERED.

Dated: October 5, 2023  /s/ *Holly L. Teeter*
HOLLY L. TEETER
UNITED STATES DISTRICT JUDGE