## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MOREHEI PIERCE,

    Plaintiff,

    v.                                                   Case No. 23-4077-HLT-ADM

KRIS KOBACH, *et al.*,

    Defendants.

## REPORT AND RECOMMENDATION

On November 6, 2023, the court ordered pro se plaintiff Morehei Pierce to show cause in writing why the court should not recommend that his claims against defendant William Waddington be dismissed without prejudice for failure to timely serve Waddington with process, as required by Federal Rule of Civil Procedure 4(m).  (ECF 17.)  For the reasons discussed below, the court now recommends that the district judge dismiss Pierce's claims against Waddington without prejudice.

## I.    BACKGROUND

Pierce filed his complaint on September 5, 2023.   On September 7, the court granted him leave to proceed in forma pauperis.  (ECF 7.)  On September 18, the court directed the U.S. marshal or deputy marshal (the "USMS") to effectuate service of summons upon Waddington, pursuant to FED. R. CIV. P. 4(c)(3).  (ECF 9.)  The USMS attempted to serve Waddington via certified mail at the address listed in Pierce's complaint (PO Box 311 in El Dorado, Kansas), but the summons was returned unexecuted on October 10 because Waddington was no longer at that address.  (ECF 13.)

1

On October 16, the court directed Pierce to provide an updated address for Waddington by November 3. (ECF 14.) The court cautioned Pierce that if he "fail[ed] to provide Waddington's correct address by that date, his claims against Waddington could be dismissed for failure to prosecute." (*Id.* at 1.) On October 30, Pierce filed a document (improperly titled "Order") stating that the address his complaint listed was Waddington's "last known address" and requesting service on Waddington by publication. (ECF 15.) On October 31, the court denied Pierce's motion, stating that the court would not "direct a particular method of service by the USMS," but the court directed the USMS "to pursue another avenue to serve Waddington." (ECF 16, at 1.)

On November 6, the USMS contacted the court and advised that, without a current physical address or email address for Waddington, the USMS is unable to serve him. The USMS returned the service of process unexecuted with a notation that the USMS was "unable to locate a residence or business location to serve [Waddington]." (ECF 19, at 1.) Also on November 6, the court issued a Notice and Order to Show Cause advising Pierce that the USMS had been unable to serve Waddington, and directing Pierce to show cause why the court should not recommend that his claims Waddington be dismissed without prejudice pursuant to Rule 4(m). (ECF 17.)

Pierce has now responded to the court's show-cause order. (ECF 18.) He states that he does not have an updated address for Waddington, so Pierce still has not provided an address at which the USMS can serve Waddington with a copy of the complaint. The docket indicates that Pierce has taken no further action in this case.

## II.    ANALYSIS

A plaintiff has 90 days after filing a complaint to serve process on a defendant.  *See* FED. R. CIV. P. 4(m).  If a defendant is not timely served, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *Id.*

Plaintiffs proceeding *in forma pauperis*—like Pierce—may rely on the USMS to effect service.  *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).  However, "[i]t is the plaintiff's responsibility to provide the [USMS] with the address of the person to be served."  *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007).  The USMS is not required to find "a defendant who has moved without providing an accessible forwarding address."  *Id.*

In this case, the court first ordered Pierce to provide Waddington's correct address on October 16.  The court again ordered him to provide Waddington's address on November 6 or to show cause why the case should not be dismissed without prejudice for failure to affect service. Pierce still has not provided a current address for Waddington.  Rather than detail any efforts he took to discover Waddington's address in his show cause response or his plans in that regard going forward, Pierce instead merely reiterated that he does not know Waddington's current address. Pierce is responsible for ascertaining Waddington's address, and it does not appear that he has made any serious attempts to so do.  Without service upon Waddington—the only defendant remaining in this case—this case cannot move forward.

## III.    CONCLUSION

Rule 4(m) requires that a plaintiff serve a defendant within 90 days of filing a complaint. Pierce did not provide a service address for Waddington when he filed his complaint in September, and he still has not done so three-and-a half months later.   Pierce has no apparent plan to discover Waddington's address.   Therefore, the court recommends that the district judge dismiss Pierce's

claims against Waddington without prejudice pursuant to Rule 4(m).   Pierce may refile his claims
if he discovers an address at which Waddington can be effectively served.

* * *

The court informs Pierce that he may file specific written objections to this report and
recommendation within fourteen days after being served with a copy.   *See* 28 U.S.C. § 636(b)(1);
FED. R. CIV. P. 72(b)(2); D. KAN. RULE 72.1.4(b).   If he fails to file objections within the fourteen-
day time period, no appellate review of the factual and legal determinations in this report and
recommendation will be allowed by any court.   *See In re Key Energy Res. Inc*., 230 F.3d 1197,
1199-1200 (10th Cir. 2000).

**IT IS THEREFORE RECOMMENDED** that the district judge dismiss Pierce's claims
against defendant William Waddington without prejudice pursuant to Rule 4(m).

**IT IS FURTHER ORDERED** that the clerk's office send a copy of this report and
recommendation to Pierce via certified mail, return receipt requested.

**IT IS SO ORDERED.**

Dated December 20, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge

4