IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MOREHEI PIERCE,

    Plaintiff,

    v.

KRIS KOBACH, et al.,

    Defendants.

Case No. 5:23-cv-04077-HLT-ADM

**ORDER**

    Plaintiff Morehei Pierce filed this case pro se.[1] Defendants Kansas Attorney General Kris Kobach and Kansas Department of Corrections official Jeff Zmuda were previously dismissed. Doc. 12. The remaining defendant is former El Dorado Warden William Waddington.

    The Magistrate Judge issued a Report and Recommendation ("R&R") on December 20, 2023, recommending that Plaintiff's claims against Waddington be dismissed because Plaintiff has not provided a current address for Waddington so that he can be served with the complaint. *Id.* The R&R reflects that Plaintiff may rely on the United States Marshals Service ("USMS") to effectuate service, but it is Plaintiff's responsibility to provide a current address for Waddington. *Id.* at 3.

    Initial attempts to serve Waddington were unsuccessful. *See* Doc. 13. The Magistrate Judge ordered Plaintiff to provide a current address by November 3, Doc. 14, and subsequently ordered the USMS to attempt service by a method other than by certified mail, Doc. 16. A subsequent summons was returned unexecuted because Waddington could not be located. Doc. 19. The Magistrate Judge issued an order to show cause why the case should not be dismissed for failure

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, but the Court does not assume the role of advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

to serve Waddington. Doc. 17. Plaintiff's response indicated he did not have an updated address. Doc. 18. The Magistrate Judge subsequently issued the R&R recommending that Plaintiff's claims against Waddington be dismissed without prejudice because Plaintiff has not provided a current address and has no apparent plans on how to do so. Doc. 20 at 3-4. Plaintiff has responded to the R&R, stating that the Kansas Department of Corrections has not provided the "exact working location of Defendant Waddington and/or his last known home address." Doc. 22.[2]

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In a de novo review, the Court makes an independent determination of the issues. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). "The district judge is free to follow a magistrate's recommendation or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew." *Id.* (internal brackets, quotation, and citation omitted).

The undersigned has reviewed the R&R and Plaintiff's response de novo. In his response, Plaintiff repeats that he does not know Waddington's address. But as the R&R stated, it is Plaintiff's responsibility to provide an address for Waddington, even if he is relying on the USMS for service. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served . . . ; the Marshal is not charged with finding a defendant who has moved without providing an accessible forwarding address."). Nor has Plaintiff identified any authority that would permit the Court to order the Kansas Department of Corrections to provide information about

---

[2] Plaintiff's response also incorporated his objection to an earlier R&R recommending dismissal of Kobach and Zmuda. Doc. 22. But that R&R focused on the lack of factual allegations against Kobach and Zmuda and did not address service on Waddington.

Waddington. Rule 4(m) requires service within 90 days,[3] and Plaintiff has not served Waddington and has not identified any plans on how to do so.

The Court finds that the R&R should be adopted and will dismiss the remaining claims against Waddington without prejudice. As the Magistrate Judge explained, Plaintiff may refile his claims against Waddington if he learns of an address at which Waddington can be served.

THE COURT THEREFORE ORDERS that the Report & Recommendation (Doc. 20) is ADOPTED as the order of the Court.

THE COURT FURTHER ORDERS that Plaintiff's claims against Waddington are DISMISSED WITHOUT PREJUDICE for failure to serve. This case is closed.

IT IS SO ORDERED.

Dated: January 3, 2024                     /s/ *Holly L. Teeter*
                                           HOLLY L. TEETER
                                           UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff filed the complaint on September 5, 2023, more than 90 days ago.